## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROY TIGUE,** | : | **Civil No. 3:23-CV-130** |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **PENNSYLVANIA STATE** | : | |
| **POLICE, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM OPINION AND ORDER

### I.    Factual Background and Procedural History

This is a *pro se* civil rights lawsuit.  On October 30, 2023, the court dismissed Tigue's complaint but gave the plaintiff leave to file an amended complaint. (Docs. 29, 30). At Tigue's request on December 1, 2023, the court then extended the deadline for filing an amended complaint, stating as follows:

> IT IS HEREBY ORDERED that the plaintiff's motion for extension of time to file an amended complaint (Doc. 31) is GRANTED. Plaintiff shall file his amended complaint on or before **January 28, 2024.**

(Doc. 32).

Tigue failed to file this amended complaint and this deadline passed. Accordingly, on February 20, 2024, we ordered Tigue to file an amended complaint on or before **March 5, 2024**, and warned him that he would face dismissal of this

case for failure to prosecute if he neglected to submit an amended complaint. (Doc. 33). This deadline has also passed without any action by Tigue to comply with these court orders, amend is complaint, or prosecute this case. On these facts we will dismiss this case.

## II.   <u>Discussion</u>

While the initial analysis of Tigue's complaint called for dismissal of this action, the Court provided the plaintiff with two opportunities to further litigate this matter by endeavoring to promptly file a proper amended complaint. Having concluded that this *pro se* complaint was flawed in multiple and profound ways, we followed this course recognizing that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, <u>see Fletcher-Hardee Corp. v. Pote  Concrete Contractors</u>, 482 F.3d 247, 253 (3d Cir. 2007), unless it is clear that granting further leave to amend would be futile, or result in undue delay. <u>Alston v. Parker</u>, 363 F.3d 229, 235 (3d Cir. 2004).

Thus, in this case, Tigue was given these opportunities to further amend his complaint but has now forfeited these opportunities through his continued inaction. In this situation, where a wholly deficient complaint is dismissed without prejudice but the *pro se* plaintiff refuses to timely amend the complaint, it is well within the

court's discretion to dismiss the complaint with prejudice given the plaintiff's refusal to comply with court directives. Indeed, the precise course was endorsed by the United States Court of Appeals for the Third Circuit in <u>Pruden v. SCI Camp Hill</u>, 252 F. App'x 436, 438 (3d Cir. 2007). In <u>Pruden</u>, the appellate court addressed how district judges should exercise discretion when a *pro se* plaintiff ignores instructions to amend a complaint. In terms that are equally applicable here the court observed that:

> The District Court dismissed the complaint without prejudice and allowed [the *pro se* plaintiff] twenty days in which to file an amended complaint. [The *pro se* plaintiff] failed to do so. Because [the *pro se* plaintiff] decided not to amend his complaint in accordance with the Federal Rules of Civil Procedure, we conclude that the District Court did not abuse its discretion when it dismissed [the *pro se* plaintiff's] complaint with prejudice. <u>See In re Westinghouse Securities Litigation</u>, 90 F.3d 696, 704 (3d Cir.1996). The District Court expressly warned [the *pro se* plaintiff] that the failure to amend his complaint would result in dismissal of the action with prejudice. "[I]t is difficult to conceive of what other course the court could have followed." <u>Id.</u> (quoting <u>Spain v. Gallegos</u>, 26 F.3d 439, 455 (3d Cir.1994)).

<u>Pruden v. SCI Camp Hill</u>, 252 F. App'x 436, 438 (3d Cir. 2007).

Therefore, consistent with the prior practice of this court, this complaint will now be dismissed with prejudice as frivolous without further leave to amend. <u>See, e.g.,</u> <u>Wicks v. Barkley</u>, 3:12-CV-02203, 2013 WL 5937066 (M.D. Pa. Nov. 4, 2013) (Mariani, J.); <u>Davis v. Superintendent, SCI Huntingdon</u>, 3:12-CV-01935, 2013 WL 6837796 (M.D. Pa. Dec. 23, 2013) (Mariani, J.).

3

### III.    <u>Conclusion</u>

This complaint will be dismissed with prejudice and the clerk will be directed to close this file.

An appropriate order follows.

<u>*S/ Martin C. Carlson*</u>
Martin C. Carlson
United States Magistrate Judge

DATED: March 6, 2024